

FILED
SEP 06 2011
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LYNES END OF HORN, | CIV 11-1029 |
| Plaintiff, | |
| -vs- | ORDER |
| SCOTT MYREN, Circuit Court Judge, and CHRISTOPHER R. JANSEN, Walworth County States Attorney, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, a prisoner at the Mike Durfee State Prison in Springfield, South Dakota, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. The Court finds that plaintiff is required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1), to make an initial partial filing fee of $18.00.

Plaintiff contends that his Walworth County, South Dakota, conviction for driving under the influence is invalid because he was lured off the Standing Rock Indian Reservation by a South Dakota Game, Fish, and Parks official prior to his arrest. Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because this action is frivolous. Pursuant to the Rooker-Feldman doctrine, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Mosby v. Ligon, 418 F.3d 927, 931 (8th Cir. 2005) (*quoting* Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir.2003) (internal quotation omitted)). The proper avenue to challenge his state court conviction and sentence is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Now, therefore,

IT IS ORDERED:

1. The motion for leave to proceed *in forma pauperis* is denied.

2. Plaintiff is required by the Prison Litigation Reform Act, 28 U.S.C. § 1915, to pay the $350.00 filing and docketing fees. The institution having custody of the plaintiff is hereby

directed to forward to the U.S. District Court Clerk's office the initial partial filing fee of $18.00. Whenever the amount in plaintiff's trust account exceeds $10.00, monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350 filing fee is paid in full.

    3. This matter is dismissed with prejudice.

    4. The disposition of this matter is a first "strike" under 28 U.S.C. § 1915(g).

    5. Pursuant to 28 U.S.C. § 1915 and Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997), plaintiff is notified that, if he decides to appeal this order of dismissal to the United States Court of Appeals for the Eighth Circuit:

    (a)    The filing of a notice of appeal from this order by plaintiff, a prisoner, makes the prisoner liable for payment of the full $455 appellate filing fees regardless of the outcome of the appeal.

    (b)    By filing a notice of appeal the prisoner consents to the deduction of the initial partial appellate filing fee and the remaining installments from the prisoner's prison account by prison officials.

    (c)    Plaintiff, a prisoner, must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing any notice of appeal.

    (d)    Failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

Dated this 31st day of August, 2011.

                                        BY THE COURT:

                                        CHARLES B. KORNMANN
                                        United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                DEPUTY
    (SEAL)